# Mc LAUGHLIN, EXECUTOR, v. O' NEILL, EXECUTOR.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — ENFORCEMENT OF SUPERADDED STATUTORY LIABILITY.

1. A suit by a creditor of a foreign corporation, on his own behalf, and all other creditors, upon a foreign statute, imposing upon stockholders a liability equally and ratably, and not one for another, for all debts of the corporation, to the extent of their stock at its par value, in addition to the amount invested in, and due on such stock, can not be maintained against a stockholder, residing in this State, before it is judicially determined by some court having jurisdiction for that purpose, what the amount of the deficit is which the superadded statutory liability is required to cover, which requires an inquiry into the other assets of the insolvent corporation, and the amount of its actual indebtedness.

[Decided December 15, 1897.]

RESERVED Questions from the District Court, of Unitah County, HON. JESSE KNIGHT, Judge.

*Hamm & Arnold* and *Brown & Henderson,* for plaintiffs.

*Clark & Ausherman* and *Cyrus Beard,* for defendant.

POTTER, CHIEF JUSTICE.

This case is brought upon the same cause of action as that of David C. Mc Laughlin, receiver, against the same defendant, this day decided. Edward Mc Laughlin brings the suit on his own behalf and all other creditors of the Park City Bank to enforce the statutory liability of a stockholder of said bank, under the Utah statute. The petition contains no allegations concerning the suit in Utah brought by this plaintiff, in which the receiver was appointed. Otherwise the same questions are involved as in the suit brought by the receiver, and the views expressed in the opinion in that case must determine our answer to

the reserved questions in this one. The decision of the court upon such of the questions as it is deemed proper to consider is as follows:

Question 1. For the reasons stated in the opinion in the case of David C. McLaughlin, receiver, v. Garrett O'Neill, executor, this action upon the facts alleged in the petition, can not be maintained.

Questions 6, 7, and 8. Such a suit as the one at bar, upon a statute like that of Utah pleaded in this case, can not be maintained against a resident stockholder of a foreign corporation before it is judicially determined by some court having jurisdiction for that purpose; what the amount of the deficit is which the superadded statutory liability of stockholders is required to cover, which requires an inquiry into the other assets of the insolvent corporation, and the amount of its actual indebtedness.

Question 10. The petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

CORN, J., concurs.